**Lawrence A. RAND, O.D., M.S., Petitioner,**

v.

**PENNSYLVANIA STATE BOARD OF OPTOMETRY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2000.

Decided Nov. 13, 2000.

---

**3.** Appellant does not argue that the photo array shown the two witnesses was in any way impermissibly suggestive.

FRIEDMAN, Judge.

Lawrence A. Rand (Rand) appeals from the January 18, 2000 order of the State Board of Optometry (Board), which denied Rand's November 23, 1998 application to obtain certification to administer therapeutic agents. We reverse and remand.

Rand is an optometrist who has a solo part-time practice in an office in Lemoyne, Pennsylvania. He graduated from the Pennsylvania College of Optometry in May 1987 and obtained his license to practice optometry in Pennsylvania on July 23, 1987. During optometry school, Rand passed a course in the prescription of therapeutic agents, and, before his May 1987 graduation, he passed the therapeutics examination for the Treatment and Management of Ocular Diseases (TMOD).

When Rand subsequently applied to the Board for certification to administer therapeutic agents, the Board denied the application because Rand did not meet the regulatory requirements. Rand requested a review of the decision, and the Board held a hearing on the matter on May 12, 1999. The Board denied his request for certification in a January 18, 2000 memorandum opinion, stating that Rand had failed to fulfill the regulatory requirements for certification set forth in 49 Pa.Code § 23.201.[1]

Debra K. Wallet, Camp Hill, for petitioner.

Teresa A. Lazo–Miller, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge and MIRARCHI, Jr., Senior Judge.

---

1. The regulation at 49 Pa.Code § 23.201 (emphasis added) provides:

(a) *Category 1.* To obtain certification to prescribe and administer pharmaceutical agents for therapeutic purposes, an *applicant licensed by examination to practice optometry* in this Commonwealth or another jurisdiction *on or after April 1, 1993,* shall meet the following requirements:

(1) Graduation from an accredited optometric educational institution in the United States or Canada where a condition for graduation at the time the applicant graduated was the successful completion of a minimum of 100 hours in the prescription and administration of pharmaceutical agents for therapeutic purposes.

(2) A passing score on one of the following *examinations taken on or after April 1, 1993:*

(i) The TMOD portion of Part II (Clinical Sciences) of the National Board Examination.

(ii) The TMOD...

(b) *Category 2.* To obtain certification to prescribe and administer pharmaceutical agents for therapeutic purposes, *an applicant licensed by examination to practice optometry* in this Commonwealth or another jurisdiction *before April 1, 1993,* shall meet the following requirements:

(1) Successful completion of a *course offered on or after April 1, 1993,* consisting of a minimum of 100 hours in the prescription and administration of pharmaceutical agents for therapeutic purposes offered by an accredited optometric educational institution in the United States or Canada.

(2) A passing score as determined by the NBEO on the *TMOD taken on or after April 1, 1993.*

Specifically, the Board determined that Rand failed to obtain his optometry license by examination on or after April 1, 1993 and failed to pass the TMOD on or after April 1, 1993.

■ On appeal to this court,[2] Rand contends he should not be denied certification based on the fact that he obtained his license and took the TMOD before April 1, 1993. He argues that the April 1, 1993 date inserted by the Board in 49 Pa.Code § 23.201 should be stricken as void because it is not contained in section 4.1 of the Optometric Practice and Licensure Act (Act).[3] We agree.

■ The regulation at 49 Pa.Code § 23.201 is a legislative regulation enacted pursuant to section 3 of the Act, 63 P.S. § 244.3.[4] Thus, to determine its validity,

we must analyze whether it is (a) within the legislative grant of power under the Act, (b) issued pursuant to proper procedure, and (c) reasonable. *See Pennsylvania Human Relations Commission v. Uniontown Area School District*, 455 Pa. 52, 313 A.2d 156 (1973). The regulation fails under the first prong of the test because it exceeds the legislatively granted power, so it will not be necessary to examine the second and third prongs.

■ In section 3 of the Act, 63 P.S. § 244.3(14), the legislature granted the Board power "[t]o promulgate all rules and regulations necessary to carry out the purposes of this act." The purpose of section 4.1 of the Act[5] is to ensure that certified optometrists possess up-to-date knowledge with respect to the prescription and ad-

---

Rand applied for certification under 49 Pa. Code § 23.201(a), Category 1, which applies only to those who were licensed on or after April 1, 1993. We note that because he obtained his optometry license in 1987, he should have applied under Category 2. However, even if Rand chose the wrong category for his application, it will have no impact on this case.

2.  Our scope of review of appeals from adjudications by the Board is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *See White v. State Board of Optometry*, 682 A.2d 404 (Pa. Cmwlth.1996).

3.  Act of June 6, 1980, P.L. 197, added by section 4 of the Act of October 30, 1996, P.L. 721, *as amended*, 63 P.S. § 244.4a.

4.  We recognize that there is a distinction between legislative and interpretive regulations. *See Pennsylvania Human Relations Commission v. Uniontown Area School District*, 455 Pa. 52, 313 A.2d 156 (1973). However, in this case, 49 Pa.Code § 23.201 is a legislative regulation because it was properly enacted pursuant to the Commonwealth Documents Law and because it establishes a binding standard of conduct pursuant to a grant of legislative power by the General Assembly. *See id.; Borough of Pottstown v. Pennsylvania Municipal Retirement Board*, 551 Pa. 605, 712 A.2d 741 (1998).

5.  Section 4.1 of the Act, 63 P.S. § 244.4a, (emphasis added) provides:

> (a) In addition to its other powers and duties under this act, the board shall have the power and the duty to certify qualified licensees to prescribe and administer pharmaceutical agents for therapeutic purposes as defined in the amendatory act. To obtain such certification, a licensee shall submit an application to the board on a form provided by the board showing to the satisfaction of the board that the licensee has *either:*
> (1) graduated from an accredited school of optometry and as a condition for graduation has successfully completed a minimum of 100 hours in the prescription and administration of pharmaceutical agents for therapeutic purposes and has passed a licensure examination to practice optometry which examination included the prescription and administration of pharmaceutical agents for therapeutic purposes; *or*
> (2) completed a board-approved course of a minimum of 100 hours in the prescription and administration of pharmaceutical agents for therapeutic purposes and has passed an examination on the prescription and administration of pharmaceutical agents for therapeutic purposes...
> (b) In order to maintain such authority, the licensee shall, as part of the continuing education required for renewal of a license under this act, complete such additional study in the prescription and administration of pharmaceutical agents for therapeutic purposes.

ministration of pharmaceutical agents for therapeutic purposes. Thus, section 4.1(a)(1) of the Act requires: (1) graduating from an accredited school of optometry; (2) completing at least 100 hours of study in the prescription and administration of pharmaceutical agents for therapeutic purposes; and (3) passing a licensing exam that included questions about the prescription and administration of pharmaceutical agents for therapeutic purposes. In addition, to maintain their authority to prescribe and administer therapeutic agents, subsection 4.1(b) requires optometrists to take continuing education courses in this area.

Here, the Board contends the April 1, 1993 testing date required in 49 Pa.Code § 23.201 is necessary to ensure that certified optometrists possess up-to-date knowledge about the prescription and administration of pharmaceutical agents for therapeutic purposes. However, we disagree with this reasoning. We note that April 1, 1993 is a date frozen in time. In fact, those certified optometrists who passed the test on April 1, 1993, would be seven years behind the current knowledge, unless they have fulfilled their continuing education requirements since then. Therefore, the Board's insertion of this date into the regulation does nothing to advance the intent of the Act, which is to ensure the optometrists' knowledge regarding pharmaceutical agents is current. Indeed, the date is totally unnecessary because the continuing education requirements serve to ensure that the optometrists' knowledge is up-to-date.[6]

Based on the foregoing, this court concludes that the Board's insertion of the April 1, 1993 test date requirement in 49 Pa.Code § 23.201 exceeds the grant of legislative power in sections 3 and 4.1 of the Act and is, therefore, invalid and unenforceable. Accordingly, because the hearing examiner erroneously concluded that the regulation was properly within the grant of authority established by the legislature in the Act, we reverse and remand the case to the Board for further consideration of Rand's application for certification. The Board is hereby ordered to examine Rand's application within the next twenty days to determine whether he meets the statutory requirements for certification contained in 63 P.S. § 244.4a.

*ORDER*

AND NOW, this 13th day of November, 2000, the order of the Pennsylvania State Board of Optometry (Board) dated January 18, 2000 is hereby reversed, and this case is remanded to the Board for further proceedings in accordance with this opinion.

Jurisdiction relinquished.

President Judge DOYLE did not participate in the decision in this case.

---

**6.** Pursuant to 49 Pa.Code § 23.82(a), optometrists are required to renew their licenses every two years. Optometrists who are licensed to prescribe and administer pharmaceutical agents for therapeutic purposes must fulfill six hours of continuing education coursework in that area. If optometrists fail to comply with this regulation, they may have their license placed in an inactive status and be prohibited from practicing until they meet the license renewal criteria.